## Marshall Hairston v. S. Jaudon et al.

1. STATUTE OF FRAUDS: PAROL CONTRACT FOR SALE OF LANDS: COURTS WILL CREATE NO EXCEPTIONS TO STATUTE. — Under the Statute of Frauds no action can be maintained to charge another with a contract for the sale of lands, unless the promise or agreement upon which the action is brought, or some memorandum or note thereof, is in writing, and signed by the party to be charged therewith, or his agent; there is no exception contained in this provision of the statute, and the courts will not create any.

2. VENDOR AND VENDEE: WHAT AMOUNTS TO A RESCISSION OF A PAROL CONTRACT FOR SALE OF LANDS, AND WHEN VENDEE MAY SUE FOR PURCHASE-MONEY PAID. — When the vendor brings an action of ejectment to recover lands which are in the possession of the vendee, under a parol contract of sale, it amounts to a rescission of the contract, and the vendee can sue for the amount of the purchase-money paid.

ERROR to the Circuit Court of Yallobusha county. Hon. Wm. Cothran, judge.

Attachment by plaintiff in error against defendants in error for $750. Declaration on open account for money paid and money had and received.

Plea that in 1859 defendants in error sold verbally to plaintiff in error a tract of land for $1500, of which $750 was paid cash, and that before the institution of any suit between the parties, defendants in error offered to carry out their contract,

and are still willing and able to carry it out, and tender deed with plea.

Demurrer to this plea on the ground that contract, as set forth, is null and void; and the tender of the deed imposes no legal duty on plaintiff in error to perform. The demurrer was overruled, and plaintiff in error replied: That defendants recovered judgment in ejectment against plaintiff for the identical lands, with writ of *habere facias possessionem.* Defendants in error rejoined: That plaintiff was still in possession, and would not be disturbed if he would carry out contract with defendants, who are able and willing to carry out contract, and tender deed.

Demurrer to rejoinder, which was overruled, and plaintiff in error declining to plead further, judgment for defendants in error.

Writ of error to this court.

*Barksdale & Lester* for plaintiff in error.

A parol contract for the sale of land is so far invalid under our laws, that no action can grow out of it to either party, vendor or vendee, and so far such a contract is void. *Johnson et ux* v. *Brooks*, 31 Miss. 17; *Catlett et al.* v. *Bacon et al.*, 33 Miss. 269; *Harrell* v. *Miller*, 35 Miss. 702; *Daniel* v. *Frazer*, 40 Miss. 507.

The Statute of Frauds was intended to guard and protect the rights and interests of vendees as well as vendors.

No part performance ever can cure the want of a writing under that statute. *Beaman* v. *Buck et al.*, 9 S. & M. 207; *Box* v. *Stanford*, 13 ib. 93. And no exception will be engrafted on the statute. Ib.; *Gothard* v. *Flinn*, 25 Miss. 60; *Skaggs* v. *Nelson*, ib. 88; *Skipwith* v. *Dodd*, 24 Miss. 487.

And see further, *Daniel* v. *Frazer*, 40 Miss. 507. This is a decision made on art. 4, Rev. Code, p. 358, the language of which is the same as art. 1, ib.

It is not contended that a parol contract for the sale of land is *illegal* or *prohibited* by law, but only that no performance

can be compelled by either party.    In those States where a different rule obtains, it is a *part performance* that takes it out of the Statute of Frauds.

But the law against this in Mississippi is well settled.    *Vide* authorities above cited.    And in those States the statute is made for the benefit of the vendor, but not so in this State.    See *Harrell* v. *Miller, supra.*

The defendants by their action of ejectment annulled and disaffirmed the contract, even had it been valid, and the plaintiff was entitled to a recovery of the purchase-money.    8 S. & M. 328.    The doctrine of estoppel is clear on this point.

*Hansborough* v. *Peck,* 5 Wallace, 505, is cited *contra;* but the carefully guarded and deliberately written contract in that case gave the vendor all the severe, rigorous, and unusual steps which he took, *and upon that* the decision was made ; and there was no question of a parol contract.

The defendants would claim the right to rescind or abandon the contract, and retain also money paid them by the vendee on it.    If this be the law, then a parol contract gives a vendor greater privileges and immunities than he could enjoy under a written one, which is repugnant to all law and reason.    See *Johnson* v. *Jackson,* 27 Miss. 498.

*Walthall & Golladay* for defendants in error.

A purchaser under a verbal contract for sale of land cannot recover money paid to vendor on such contract, unless vendor is unable or refuses to carry it out.    Browne on Frauds, § 122, and *note ; Sneed* v. *Bradley,* 4 Sneed (Tenn.) Rep. 301 ; *Hilben* v. *Duncan,* 1 Cold. (Tenn.) Rep. 319 ; *Sims* v. *Hutchins,* 8 S. & M. 328 ; 42 Barb. 58 ; 5 Wallace, 506 ; 6 Gray, 414 ; 17 Barb. 473.

If the vendee refusing to carry out the contract forces the vendor, willing and able to carry it out, to dispossess him, and by reason of such acquires a right of action against vendor for purchase-money paid, — then a man's breach of promise and default give him a ground of action against an innocent person. 9 Cow. 47 ; 4 Denio, 53 ; 1 Cold. Rep. 319 ; *Hansborough* v.

*Peck*, 5 Wall. 506. The vendors in this case are, and have always been, able and willing to carry out the contract.

The act of instituting ejectment, if unexplained, might be a disaffirmance, but contemporaneously and subsequently vendors insisted on the contract, and offered to carry it out; and the question is, who is in default? Certainly not the vendors, because they were unwilling that the vendee should hold the land without paying for it. And see especially *Leonard* v. *Morgan*, 6 Gray's (Mass.) Rep. 414.

Counsel for plaintiff in error say : " That a parol contract for the sale of land is so far invalid, under our laws, that no action can grow out of it to either party, vendor or vendee, and in this sense and to this extent such a contract is void."

An action did " grow out of " a verbal contract for the sale of land in *Welsh* v. *Lawson*, 32 Miss. 170, and was sustained by proof of the verbal contract.

Whether either party had abandoned the contract or not, is a question of fact for the jury, and the suit of ejectment would be a circumstance to submit to them. But the pleadings show that before and after suit defendants in error insisted on performance; such is admitted by demurrer, and so stands as if found by a jury.

The plaintiff in error had the right to repudiate the contract at any time before its execution; but when he abandoned it, he cannot recover any purchase-money paid, if the vendors have been and are willing and able to perform the contract.

Counsel for plaintiff in error maintain three propositions :

1st. That no action can be brought on a verbal contract for the sale of land.

2d. That either party to such a contract may abandon it.

3d. That part performance will not take such a contract out of the operation of the Statute of Frauds, or, to adopt their language, " no performance can be compelled by either party."

These we admit; but the deduction that the plaintiff in error can recover money paid on such a contract, if the defendants in error are willing and able, and have always been, to perform;

is a *non sequitur.* Then it seems that the only difference between counsel and ourselves is as to the character of the case before the court. If we look to the pleadings, we find it admitted by demurrer that the vendee is suing to recover money paid, on a verbal contract for sale of land, while the vendor is able and willing to perform.

The rules adopted in this State are not peculiar to it. *Vide* 8 Cush. (Mass.) Rep. 224 ; *McClure* v. *Patton,* Martin & Yerger (Tenn.) Rep.; *Newman* v. *Carroll,* 3 Yerg. Rep. 256 ; *Ridley* v. *McNairey et al.,* 2 Humph. Rep. 174.

And in both of those States the vendee cannot recover money paid on a verbal contract for sale of land, if the vendor is able and willing to perform. *Coughlin* v. *Knowles,* 7 Met. Rep. 57 ; 13 Gray, 3 ; 4 Sneed, 301 ; 1 Cold. Rep. 313.

It would seem that the question whether such a contract is null and void or not, is immaterial ; for eminent judges have employed those words while holding expressly that the vendee cannot recover back money paid on such a contract, if the vendor is able and willing to perform. See 17 Barb. 472, for instance. Neither in *Catlett* v. *Bacon,* 4 Geo. Rep., nor in *Daniel* v. *Frazer,* 40 Miss., did the court employ those words.

PEYTON, J., delivered the opinion of the court.

This suit was commenced by attachment returnable to the November Term, 1867, of the Circuit Court of Yallobusha county.

The plaintiff in his declaration complains that in the month of December, 1859, the defendants were indebted to him in the sum of $750, for so much money then paid by the plaintiff for the use of the said defendants at their special instance and request ; and also in the further sum of $750, for so much money by the said defendants before that time had and received for the use of the plaintiff.

To this declaration the defendants appeared and pleaded that in 1859 they entered into a verbal contract with the plaintiff to sell him a tract of land, situated in said county of Yallobusha, for the sum of $1500, and in pursuance of said contract they delivered posession of said tract to the plaintiff, who continues

to occupy the same, and that the sum now sued for is part of the purchase-money paid for said land, in pursuance of said verbal contract; and that before the institution of this suit they tendered a deed of said land to the plaintiff, and offer to convey the same to him when the balance of the purchase-money is paid to them, and that they have always been willing to comply with said verbal contract.

The plaintiff demurred to this plea, on the ground that the parol contract therein stated was null and void, and imposed no legal obligation on him to perform it. The demurrer was overruled by the court, and leave given to the plaintiff to reply to said plea.

The plaintiff avers in his replication that at the October Term, 1867, of said Circuit Court the defendants recovered said land in an action of ejectment against him, and insists that they thereby abandoned and rescinded the contract, and are estopped by the records in that case from insisting upon the performance of it.

The defendants in their rejoinder admit the proceedings in ejectment as stated in the replication, but deny that they intended thereby to abandon or rescind the contract, and insist that the plaintiff is legally bound to carry out the contract, and aver a readiness on their part to perform the same, by making to the plaintiff a good and perfect title to the land upon his payment of the balance of the purchase-money, as stipulated in the contract.

To this rejoinder the plaintiff demurred, and the demurrer was overruled by the court, and leave given to the plaintiff to answer over, which was declined; and thereupon judgment was rendered against him for the costs of suit. From this judgment the plaintiff brings the cause to this court by writ of error, and assigns for error the overruling of the plaintiff's demurrer to the defendants' plea and rejoinder respectively.

The contract being executory, imposed no legal obligation, and could not be enforced by either party under our Statute of Frauds, which provides that no action shall be brought whereby to charge any person upon any contract for the sale of lands,.

tenements, or hereditaments, unless the promise or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person by him or her thereunto lawfully authorized. Rev. Code, 358, art. 1.

This statute contains no exceptions in regard to such contracts, and this court has repeatedly decided that it is not for us to create exceptions where none exist in the statute. *Beaman* v. *Buck*, 9 S. & M. 207; *Box* v. *Stanford*, 13 S. & M. 93.

If this contract be not obligatory, the plaintiff was entitled to the money which he paid. The defendants could have a right to the money only in the event that the contract was valid; and as their right to the money advanced depends upon the validity of the contract, it must stand or fall with it. *Beaman* v. *Buck*, 9 S. & M. 211.

But even if the contract had been valid, the recovery of the land by the defendants in the action of ejectment amounted to a rescission of it, and justified the plaintiff in bringing this action for the recovery of the money advanced upon it.

We have arrived at the conclusion that the court below erred in overruling the plaintiff's demurrers to the defendants' plea and rejoinder.

The judgment must therefore be reversed, the demurrers sustained, leave given to the defendants to answer over to the declaration, and the cause remanded.