# CASES ARGUED AND DECIDED

## ——IN THE——

# SUPREME COURT OF MISSISSIPPI,

### ——AT THE——

## MARCH TERM, 1896.

---

### J. J. WASHINGTON v. MARGARET SORIA.

1. STATUTE OF FRAUDS. *Vendor and vendee. Recovery of purchase money. Form of action. Code 1892, § 671.*

When the vendee of land has taken possession under a conveyance reciting a consideration of a certain amount paid in cash and a balance to be paid in installments at specified dates, to secure which a lien is reserved in the deed, the statute of frauds does not prevent a recovery of the unpaid purchase money, although the vendee may have signed no written promise to pay; and the vendor, under the liberal provisions of § 671, code 1892, for the simplification of pleadings, can maintain therefor his action on the case. *Lee v. Newman*, 55 Miss., 365, criticised; *Hairston v. Jaudon*, 42 *Ib.*, 380, overruled.

2. LIMITATIONS OF ACTIONS. *Contract in writing. Three years statute, code 1892, § 2739. Six years statute, code 1892, § 2737.*

Whether the vendor in such transaction elects to proceed on the promise contained in the deed or that implied by law from the vendee's acceptance of the deed, his right of action rests upon a contract provable, not by parol but by a writing, and the statute of limitations applicable to the case is not that of three years, provided by § 2739, code 1892, in respect to unwritten contracts, but that of six years, provided by § 2737, code 1892, in respect to all actions for which no other time is fixed.

3. REMEDY OF VENDOR.  *Concurrent jurisdiction of equity.  Statutes of limitation, code* 1892, *§* 2762.  *Ten years statute, code* 1892, *§* 2763.

As the vendor. can maintain his action at law for the purchase money, it cannot be said, on his proceeding in equity to enforce his lien therefor, that his cause of action rests upon the "existence of a trust not cognizable by the courts of the common law," and it is not controlled by § 2763, code 1892, which limits to ten years the period within which proceedings of that character may be brought, but by § 2762, code 1892, which declares that "whenever there may be a concurrent jurisdiction in the courts of the common law and in the courts of equity of any cause of action, the provisions of this chapter limiting a time for the commencement of a suit for such cause of action in a court of common law, shall apply to all suits to be brought for the same cause of action in a court of equity."

4. PLEADING.  *Demurrer an entire thing.  Demurrer to part of bill.*

In equity, as well as at law, a demurrer is an entire thing; and where so much of one as invokes the statute of limitations of six years is directed to only a part of the bill, the whole demurrer must be overruled, no other sufficient ground being alleged.

FROM the chancery court of Harrison county.

HON. W. T. HOUSTON, Chancellor.

The opinion states the case.

*W. G. Evans, Jr.*, for appellant.

The debt is founded on a contract, and the contract is not signed by the debtor and is barred by the three years statute of limitation.  Code of 1892, § 2739.  It could have been enforced against the debtor before it was barred, by sale of the land or by personal judgment against him.  Washington accepted the deed, and, by the acceptance, became liable to pay this debt, but by acceptance only, and not by promise in writing.  Complainant knew the contract she was making, and a court of equity will not, any more than a court of law, apply any different rule or law than that which properly governs her contract.  George's Dig., p. 494, § 165.  To bring this case under the six years statute, it must appear that Washington acknowledged the debt in writing, which is not claimed.  This

suit is to recover money, not the land.    Complainant once had
an equitable mortgage and no more, and, as the debt was barred,
§ 2733, code 1892, applies.    What liens or mortgages does the
statute mean?    What other kind of lien does it mean?    Sup-
pose the vendor's lien had not been retained, but the deed re-
cited that two payments were due on the land: a court of equity
would have enforced the vendor's lien just the same, and ap-
plied the same rule in respect to the statute of limitations, and
if the debt had been barred, the lien would also.    I do not
think it will be contended that it is a trust.    I can find no au-
thority where a vendor's lien, express or implied, has been held
to be a trust, therefore the ten years statute cannot apply.
The court's attention is called to *Harvey* v. *Kelly et al.*, 41
Miss., 493, where the court held that a vendor's lien, expressly
reserved, amounts to an equitable mortgage, and where a lien
is reserved, the law does not raise the implied lien, and the
rights of the parties depend upon their contract.    In this case
the rights of the parties depend upon the deed, and there is no
promise in writing, and there is nothing in the case last men-
tioned that changes the rule as to the statute of limitation, as
between an express and an implied vendor's lien.    When a lien
is reserved it is a matter of bargain and contract, runs with
the land and operates an incumbrance not only for the vendor
but his assigns.    *Moore* v. *Lackey*, 53 Miss., 85.    Suppose
the debt so secured is evidenced by a note, no one would deny
that the six years statute would apply.    If, as in this case,
there are no notes, it does not appear that the law will alter the
contract which the parties made, by applying the six years stat-
ute, which governs in contracts in writing.

*E. J. Bowers*, on same side.

The contention that the bill seeks to enforce a trust is unten-
able.    It sets up simply a charge or lien on the land.    The
cases of *Abbay* v. *Hill*, 64 Miss., 340; *Cooper* v. *Cooper*, 61
Miss., 676, and *Templeton* v. *Tompkins*, 45 Miss., 428, are not in

point. In the first the will impressed an expressed trust, which the court held tantamount to a conveyance to the executor in trust for creditors. The same may be said of the other cases. The lien of a vendor is but an incumbrance. *Harvey* v. *Kelly*, 41 Miss., 490; *Stratton* v. *Gold*, 40 Miss., 778; *Moore* v. *Lackey*, 53 Miss., 85; 28 Am. & Eng. Enc. L., p. 186. It is treated as an incumbrance or mortgage, is foreclosed in the same way, and is no higher security. *King* v. *Young Mens' Association*, 1 Woods, U. S. C. C., 386. An express lien reserved, cannot be asserted by foreclosure when the debt is barred. *Hale* v. *Baker*, 60 Texas, 217. No right of any nature survives the prescription of the debt, except in states where the statute bars only the right. *Relpe* v. *Relpe*, 34 Ala., 500. The limitation of three years applies. The bill avers an agreement or promise. It is conceded that it was not in writing.

*J. P. Caldwell*, for appellee.

The six years limitation can have no application, except as construed with § 2733, code of 1892, and § 2667, code of 1880. It cannot be enlarged beyond the scope and meaning of the words, which cover but two classes of cases. 1. When a mortgage or deed of trust shall be given, thus by expressing the technical mortgage, and that other species called deeds of trust, excluding all others, and the lien constituting an equitable mortgage reserved by the sole act of the grantor and not given by statute. 2. The remedy is also barred when the debt is, "when a lien shall be given by law to secure the payment of a sum of money specified in any writing," etc. This clearly covers all cases of implied lien, and cannot be extended to other kinds of lien not coming within the definition. A clause in a deed reserving some new thing to the grantor, issuing out of the thing granted, and *in esse* before, is a charge upon the land granted. Devlin on Deeds, § 979, citing Kent. The six years statute cannot apply unless no other period of

limitation has been prescribed. We contend that the ten years period prescribed by § 2696 code of 1880 (§ 2763, code of 1892), furnishes the law of the case. *Templeton* v. *Tompkins*, 45 Miss., 428, furnishes a strong analogy. The bill is to enforce a trust not cognizable by the common law courts. "The implied or express lien [the implied lien being now included in the express words of § 2733, code of 1892—§ 2667, code of 1880], are, in the estimation of a court of equity, where alone they would be recognized, impressed on the land, and follows it to successive assignees who have notice." *Moore* v. *Lackey*, 53 Miss., 91, 92. From the time of sale the vendor is the trustee of the title, and the vendee is the trustee for the vendor of the purchase money. *Money* v. *Dorsey*, 7 Smed. & M., 22, cited in *Kelly* v. *Mills*, 41 Miss., 280. The vendee was held a trustee for the benefit of the vendors in *Dodge* v. *Evans*, 43 Miss., 578. In *Walton* v. *Hargroves*, 42 Miss., 26, it was said: "In equity, the vendee is not the owner adversely to the lien of the vendor, but is treated as a trustee for him until payment of the purchase money." In the case of *Trotter* v. *Erwin*, 27 Miss., 779, the reasons given by the court for its opinion, adverse to the proposition that the land is held by the vendee subject to a trust for the purchase money, tend materially to strengthen our contention. See, also, *Garson* v. *Green*, 1 Johnson Ch., 309, and 4 Kent, 145.

The three years statute can have no application, because the deed containing the reservation is shown by the lien to have been accepted by defendant, thus constituting it a written contract. It is not material that it is not signed by the grantee. The acceptance of the deed makes it a contract in writing, just as the acceptance of a lease by the lessee, in a writing signed only by the lessor. Devlin on Deeds, p. 391, § 1074. He cannot accept the benefit without accepting the burden. Devlin on Deeds, p. 392, § 1077. The rights of the grantor and the grantee depend upon the terms of the contract, and are not conferred by mere implication of law. *Ib.*, § 1232, citing 41

Miss., 490. See, also, Devlin on Deeds, § 1233—a case where notes were given. Where the lien is reserved it is matter of bargain and contract, and runs with the land and operates as an incumbrance for the vendor and assigns. *Moore* v. *Lackey*, 55 Miss., 91, 92. A deed is a form of contract, and the grantor and grantee must concur, the former to convey and the latter to accept. *Kearney et al.* v. *Jeffries et al.*, 48 Miss., 359. As to the distinction between express and implied contracts, see *Musgrove* v. *Jackson*, 59 Miss., 392. Where an express lien is reserved, the law does not raise the implied lien, and the rights of the parties depend on their contract. *Harvey* v. *Kelly*, 41 Miss., 493. The statute of frauds was not insisted upon in the court below, and is supported by citation of a statute which has no retroactive effect, but, as a similar act is found in the code of 1880, this merely formal objection is waived, with the suggestion that this act does not embrace cases of trusts, according· to *Jones* v. *McDougal*, 32 Miss., 179.

*Nugent & Mc Willie*, on same side.

This is a case of an express trust or reservation; therefore the right to enforce the lien is barred only by ten years from the time the right of action accrued. By the terms of the deed the lien is retained until final payment of the purchase money; not simply retained to secure the purchase money, but "until final payment" is in fact made. The duration of the lien is fixed by the terms of the instrument, and it runs with the land. · By the contract this lien can only be displaced or affected by the payment of the purchase money. Had the purpose been to create a security for the purchase money in the nature of a mortgage, notes would have been given and a lien retained for their payment. There is no debt of the grantee manifested by notes or other instrument as to which the ordinary statute of limitation would run from their maturity as independent obligations. It cannot be said that the grantee owed the grantor a debt, or that he could have been sued to recover it as upon

an implied *assumpsit*. He promised nothing, but could only discharge the lien by payment. Until that was done, he held it subject to the lien and the limitation prescribed by § 2763, code of 1892. If it should be contended that, by acceptance of the deed, he is presumed to have covenanted to pay the purchase money, and is liable in an action as for covenant broken, the answer is that the claim is not well founded in law, for the covenant, if any, that would arise is one to hold the property subject always to the lien retained, and allow it to be proceeded against within ten years, if the covenantor should so elect. He could discharge the lien, or he could allow the grantor to reclaim the land by proceedings in equity to enforce the lien. The grantor could recover no judgment against him. The right to sue arose when the right of appellee to enforce the lien was denied, and as the bill was filed within less than ten years thereafter, neither of the installments were barred. *Cooper* v. *Cooper*, 61 Miss., 676; *Abbay* v. *Hill*, 64 Miss., 340; *Templeton* v. *Tompkins*, 45 Miss., 424. The reasoning in the case last cited appears to be applicable to the case at bar, for the charge upon the land here is created by the grantor, and when the grantee took possession, he became a trustee for the grantor to protect and preserve the lien, and not defeat or deny it. The trust was one not cognizable at common law, and § 2763, code 1892, should determine the period of limitation.

COOPER, C. J., delivered the opinion of the court.

Mrs. Soria exhibited her bill in the chancery court of Harrison county to subject certain land therein described, theretofore conveyed by her to the appellant, Washington, to the payment of the purchase price thereof. The bill, which was filed December 5, 1894, charges that, on July 26, 1887, in consideration of the sum of five hundred dollars to her in cash paid, and of the payment of a like sum to be made twelve months therefrom, and of the payment of a like sum to be made eighteen months therefrom, she conveyed the land to the defendant,

reserving in the conveyance a lien upon the land until payment
of the full purchase price; that though the defendant executed
no writing promising to pay the deferred payments, he re-
ceived and put to record the deed, and entered upon and has
enjoyed the land thereby conveyed.

The defendant filed a general demurrer to the whole bill, and
for causes set forth: 1. No equity on the face of the bill.
2. That the contract sought to be enforced, not being evi-
denced by any memorandum or note thereof signed by the de-
fendant, is unenforceable, under the statute of frauds. 3. That
the claim sought to be enforced is barred by the statute of lim-
itations of three years. 4. That the installment of the pur-
chase money alleged, by the bill, to have been payable twelve
months after the execution of the deed, is barred by the six
years statute of limitations.

The chancellor entered a decree overruling the demurrer on
all the grounds alleged, except the fourth, and on that ground
sustained it, but directed the defendant to answer over. From
this decree both parties appeal.

Before entering upon a consideration of the real questions
involved, we will, for the purpose of again calling attention to
a growing irregularity in practice, notice the course of plead-
ing and procedure in the court below. The practice seems to
prevail in several circuit and chancery districts in this state of
filing a general demurrer to the whole declaration or bill, and
incorporating therein, as causes of demurrer, objections going
not to the whole declaration or bill, but to only specific parts
thereof; and the judges and chancellors attempting to conform
their judgments and decrees to this wholly unwarranted prac-
tice, will attempt to overrule a demurrer in part, and sustain
it in part, whereby great confusion and uncertainty results.
The rule in modern practice is well settled—that a demurrer to
the whole bill is an entirety, and must stand or fall together.
Story's Eq. Pldg., § 443; Lube's Eq. Pldg., § 323. *Canton
Warehouse Co.* v. *Potts*, 68 Miss., 637. When, therefore, a

demurrer to the whole bill is interposed, and some causes are assigned which go to a part only of the bill, such causes should be disregarded by the court; for, if there is no ground of demurrer good to the whole extent of the demurrer, the demurrer should be overruled entirely.

For the purpose of evading the defense arising from the six and three years statutes of limitation, it is contended by counsel for complainant that, because of the statute of frauds, the complainant never had any right of action at law against the defendant for the recovery of the unpaid purchase money of the land, and hence, since a court of equity. will not permit the defendant to retain the land without paying the purchase price, that the only statute of limitations applicable to this proceeding is the ten-year statute, found in § 2763 of the code, by which it is provided that "bills for relief, in case of the existence of a trust not cognizable by the courts of the common law, and in all other cases not herein provided for, shall be filed within ten years after the cause thereof shall accrue, and not after," etc.

The defendant, to avoid all liability, contends (1) that, because of the statute of frauds, no relief could ever have been afforded the complainant, either at law or in equity, and if mistaken in this, then (2) that if there ever was a right of action, it existed as well at law as in equity, and was barred within three years after the time named in the deed for the payment of the deferred part of the purchase price of the land.

The contention of neither party can be maintained. In many jurisdictions it has been held that part performance of an oral agreement takes it beyond the application of the statute of frauds, but this rule was repudiated in this state at an early day, and it has been uniformly here held that part performance is not sufficient to withdraw a case from the control of the statute. *Payson* v. *West*, Walker, 515; *Beaman* v. *Buck*, 9 Smed. & M., 207; *Box* v. *Stanford*, 13 Smed. & M., 93; *Bacon* v. *Catlett*, 33 Miss., 269. In *Hairston* v. *Jaudon*, 42 Miss., 380, the court of the military commander of the district absurdly

73 Miss.—43

held that a vendee in an oral contract for the purchase of land, who had paid $750 of the purchase price, might recover the same back from the vendor, who was willing to complete the contract and tendered a deed with his plea. This never was the law, and that case is overruled.

It is uniformly held that, after full performance of an oral agreement, the statute of frauds does not apply. The statute neither declares an oral contract to be illegal nor void. It does not prohibit the contract, but simply declares that no action shall be maintained to enforce it. Where the contract has been fully executed by one of the parties, and nothing remains to be done by the other than to pay the consideration, relief is very generally afforded at law by permitting the plaintiff to recover, not upon the special contract, but in *assumpsit* or on the case, upon the promise implied by law, for the statute has no application to promises implied by law. 2 Reed on Statute of Frauds, § 640. Where there has been a special contract fully performed by the plaintiff, he may recover either in case, on the contract or in *indebitatus assumpsit* for the consideration. *Fowler* v. *Austin*, 1 How. (Miss.), 156; *Hill* v. *Robeson*, 2 Smed. & M., 541; *Cutter* v. *Powell*, 2 Smith's Lead. Cas., 1, and note; 2 Devlin on Deeds, § 1074. When the vendor has made conveyance of land to the vendee, who has executed no written promise to pay the purchase price, the courts, while uniformly affording relief, are not very well agreed upon what precise ground the right is rested.

In *Atlantic Dock Co.* v. *Leavitt*, 54 N. Y., 35, the opinion is finally rested upon the conclusion that the recital of the deed accepted by the grantee that he had sealed the same, was proof of the fact that the grantee had sealed it by adopting as his seal the corporate seal of the grantor. There is, however, much in the opinion suggesting that, in the absence of this recital, the court would have decided that, by accepting the conveyance, the grantee was bound by estoppel to deny that the deed, as a written contract, was his, though it was not signed by him.

Mr. Bigelow, in his work on Estoppel, page 346, thus announces the rule: " Nor will the grantee in a deed poll, having accepted the deed and estate, be permitted to deny his covenants or that the seal is his, in an action on the covenants."

In *Trotter* v. *Hughes*, 2 Kern. (12 N. Y.), 74, it was said that " the acceptance of a conveyance, containing a statement that the grantee is to pay off an incumbrance, binds him as effectually as though the deed had been *inter partes*, and had been executed by both grantor and grantee." "A covenant can only be created by deed, but it may be as well by deed poll as by indenture, for the covenantee's acceptance of the deed is such an assent to the agreement as will render it binding on him; but the party must be named in the deed poll." Greenleaf's Cruise, ch. 26, tit. 32, § 3. The following cases seem to rest upon this ground: *Railroad Co.* v. *Remmy*, 13 Ind., 518; *Railroad Co.* v. *Pearce*, 28 Ind., 502; *Bowen* v. *Kurtz*, 37 Iowa, 240; *Crawford* v. *Edwards*, 33 Mich., 354; *Grove* v. *Hodges*, 55 Penn. St., 504; *Schmucker* v. *Sibert*, 18 Kan., 104; *Hubbard* v. *Marshall*, 50 Wis., 322; *Long* v. *Bullard*, 59 Ga., 358.

Mr. Platt denies that an action of covenant should be maintained on a deed not sealed by the defendant, but admits that the contrary doctrine has been very generally received by the profession, and is, perhaps, too well established to be reversed. Platt on Cov., 18.

In *Finley* v. *Simpson*, 2 Zab. (N. J.), 311, a very great number of authorities are cited in the briefs of counsel, and the court held that the action of covenant might be maintained upon such a deed, citing in support of its opinion Coke on Litt., 231*a*, 230*b*, note 1; Sheppard's Touch., 177; 4 Cruise Dig., 393; 3 Com. Dig., " Covenant," (A 1); 4 Com. Dig., " Fait," (A 2); *Ib.*, (C 2); Vin. Abr. " Condition," (I. a2); *Burnett* v. *Lynch*, 5 Barn. & Cress., 589.

In *Lee* v. *Newman*, 55 Miss., 365, Judge Chalmers, in delivering the opinion of the court, in a case not calling for a de-

cision of the question, declared that there could be no recovery *in personam* against one who had accepted a conveyance by which it was stipulated that, as a part of the purchase price, he should pay a certain mortgage. The proceeding in that case was to charge the land, and it was not sought to fix a personal liability on the purchaser. The observations of Judge Chalmers would apply as well where the obligation was to pay the purchase price to the vendor as to a mortgagee, and a somewhat extended examination by us has failed to discover any instance in which it has been held that in no form of action could relief be afforded where the vendor has fully executed his contract, by conveying the land, and the vendee has accepted the deed and entered into possession. In Massachusetts it has been held that the technical action of covenant cannot be maintained against the grantee, who has not signed the deed, but that *assumpsit*, for the nonperformance of the duty or obligation, may be brought. *Goodwin* v. *Gilbert*, 9 Mass., 510; *Newell* v. *Hill*, 2 Metc., 180; *Dix* v. *Marcy*, 116 Mass., 416; *Locke* v. *Homer*, 131 Mass., 93. And such is probably the rule in New Hampshire (*Burbank* v. *Pillsbury*, 48 N. H., 475), and Pennsylvania (*Clark* v. *Martin*, 49 Penn. St., 289).

With us the forms of action are not material. All rights may be redressed by an action on the case—for it is provided that "the declaration shall contain a statement of the facts constituting the cause of action, in ordinary and concise language; and if it contain sufficient matter of substance for the court to proceed upon the merits of the cause, it shall be sufficient, and it shall not be an objection to maintaining any action that the form thereof should have been different." Code, § 671.

Since the complainant might have brought an action at law against the defendant, her cause of action does not rest upon the "existence of a trust not cognizable by the courts of the common law," and it is not controlled by the provision of § 2763 of the code, limiting to ten years the period within which suit may be brought. It is governed by § 2762, which

declares that "whenever there be a concurrent jurisdiction in the courts of the common law and in the courts of equity, of any cause of action, the provisions of this chapter limiting a time for the commencement of a suit for such cause of action in a court of common law, shall apply to all suits to be brought for the same cause of action in a court of equity."

The remaining question is whether the statute of limitations of three or that of six years applies. By § 2737 of the code it is provided that "all actions for which no other period of limitation is prescribed shall be commenced within six years next after the cause of such action accrued, and not after." No other period of limitation is prescribed, unless it be by § 2739, which is as follows: "Actions on an open account or stated account, not acknowledged in writing, signed by the debtor, and on any unwritten contract, express or implied, shall be commenced within three years next after the cause of such action accrued, and not after."

We are of opinion that the six and not the three years statute applies. The action is not upon a contract provable by parol, but is one provable by a writing. Whether the action which might have been brought at law could have been on the promise contained in the deed, treating it as the deed of the defendant because of his acceptance, and the estoppel operating upon him to deny it to contain his written contract, as the decided weight of authority holds may be done, or whether, as is held by the Massachusetts courts, no action could have been maintained on the deed, but the plaintiff must have sued upon the promise implied by law from the acceptance of the deed by the defendant, is, we think, immaterial. In either event the promise of the defendant, whether it be express or implied, is to perform a contract, the terms of which are written, and not unwritten. The promise to pay is implied by law, but it is a promise to perform a written, and not an unwritten, contract. So much of the demurrer as invoked the protection of the six years statute of limitations, was directed, not to the whole, but

43c

to a part of the bill. No ground of demurrer is alleged which is good to the whole bill, and as the demurrer is to the whole bill, it should have been overruled.

*The decree is reversed on the appeal of Mrs. Soria, the demurrer overruled and the defendant required to answer within thirty days after the mandate shall have been filed in the court below.*