293 So.2d 14 (1974)
H. Keith NOBLE
v.
LOGAN-DEES CHEVROLET-BUICK, INC.
No. 47499.
Supreme Court of Mississippi.
April 8, 1974.
Page & Peresich, Biloxi, for appellant.
Megehee, Brown, Williams & Corlew, Pascagoula, for appellee.
SUGG, Justice:
This is an appeal from an order of the Circuit Court of Jackson County affirming a judgment for $1,532.66 rendered by the County Court of Jackson County in favor of Logan-Dees Chevrolet-Buick, Inc. against H. Keith Noble.
Logan-Dees filed suit against Noble and alleged that it sold Noble a 1972 Buick Electra for the following consideration: trade-in of one 1970 wrecked Chevrolet El Camino, trade-in of one 1971 Dodge Charger and delivery to Logan-Dees of the proceeds of an insurance check covering the wrecked 1970 Chevrolet El Camino in the amount of $1,532.66 and payment of $2,150.00 cash. Logan-Dees further alleged that it delivered Noble the 1972 Buick, accepted delivery of the two automobiles traded in, accepted payment of $2,150 with the promise of Noble to deliver the insurance check as soon as he received it.
At the trial Logan-Dees introduced its contract with Noble entitled "Retail Buyer's Order" prepared by it showing that Noble agreed to purchase a new automobile which was described only by stock *15 number, model and color and to pay the following consideration:

 Total cash price $6,615.00
 Cash down payment 46.40
 Used car allowance 4,418.60
 ________
 4,465.00
 _________
 Balance payable $2,150.00

The contract was duly executed by both parties and contained the following provision:
This order is not binding on dealer until accepted by dealer in writing. I have read the matter printed on the back hereof and agree to it as a part of this order the same as if it were printed above my signature. The front and back of this order comprises the entire agreement pertaining to this purchase and no other agreement of any kind, verbal understanding or promise whatsoever, will be recognized. Receipt of a copy of this order is hereby acknowledged. (Emphasis supplied.)
The contract was prepared and signed after oral negotiations between Noble and King, the salesman who handled the transaction for Logan-Dees. There is a conflict in the testimony as to when the contract was signed. King testified that it was signed at the time the 1972 Buick was delivered to Noble, but Noble testified that it was signed on a date previous to the delivery of the automobile. Regardless of the date the contract was signed, it is a writing expressing the contract between the parties.
Before delivery of the automobile, Noble paid Logan-Dees $46.40 and on the day of delivery gave the salesman a check for $2,150 and transferred title to the 1971 Charger and 1970 El Camino mentioned in the contract.
King testified that, when the Buick was delivered and the contract signed, Noble agreed to deliver the insurance check to Logan-Dees as part of the consideration. The insurance check is not mentioned in the contract and Noble objected on the ground that such testimony was an effort to alter the terms of a written agreement by parol evidence. The objection was overruled and judgment entered as aforesaid.
Noble contends that under the provisions of Miss. Code Ann. § 75-2-202 (1972) the court erred by permitting parol testimony contradicting the terms of the agreement of the parties as expressed in the contract. Logan-Dees contends that it was entitled to offer parol testimony under subsections (a) and (b) of the statute.
We hold that, under the facts as disclosed by the record, Logan-Dees was not entitled to offer parol testimony under subsection (a) because the evidence does not disclose a course of dealing and usage of trade as defined in Miss. Code Ann. § 75-1-205, neither does it disclose a course of performance as defined by Miss. Code Ann. § 75-2-208 (1972).
We hold that Logan-Dees was not entitled to introduce parol testimony under subsection (b) because the evidence offered was not of consistent additional terms, but the evidence offered would show a different consideration from that expressed in the writing. We also hold that parol evidence was not admissible under subsection (b) because the contract, by its own terms, was a complete and exclusive statement of the terms of the agreement of the parties.
If Logan-Dees expected to receive the proceeds of the insurance check as part of the consideration for the car sold to Noble, it would have been a very simple matter to include such a provision in the contract. Where parties, without any fraud or mistake, have deliberately put their contract in writing, the writing is not only the best, but the only, evidence of their agreement.
We hold that the court erred in receiving parol evidence to vary the terms of the written contract and that the parol evidence was not admissible either under *16 Miss. Code Ann. § 75-2-202 (1972) or under the common-law parol evidence rule.
Reversed and rendered.
GILLESPIE, C.J., and PATTERSON, INZER and SMITH, JJ., concur.