346 So.2d 901 (1977)
RALSTON PURINA COMPANY
v.
M.S. ROOKER, Jr. and John M. Childs.
No. 49050.
Supreme Court of Mississippi.
May 25, 1977.
Sharp & Fisher, William L. Sharp, Corinth, for appellant.
Fred B. Smith, Ripley, for appellee.
Before PATTERSON, P.J., SMITH and LEE, JJ. and WELDY, Commissioner.
JACK B. WELDY, Commissioner for the Court:[1]
Ralston Purina Company sued M.S. Rooker, Jr. and John M. Childs, two farmers, in the Circuit Court of Tippah County for $5,875.41 in damages sustained by their failure to deliver 4,500 bushels of soybeans in breach of a written sale contract. After hearing all the evidence offered by both parties, the trial court directed a verdict for the defendants entering judgment limiting Purina's damages to $899.62. The issue is whether testimony of the defendants, which changed the terms of the written contract, should have been admitted in evidence in violation of the parol evidence rule. We *902 hold this to be error and reverse and render judgment here for the appellant.
M.S. Rooker, Jr. made a telephone call to appellant's plant in Memphis, Tennessee and talked to Mr. R.M. Joiner, Buying Manager for Purina Soybean Division on August 5, 1972, inquiring about the market price for the sale of soybeans. The conversation resulted in Purina agreeing to buy and appellees agreeing to sell 4,500 bushels of soybeans. A written contract entitled "Confirmation of Purchase" was prepared and mailed by Purina to appellees at their address, Route 1, Ripley, Mississippi. In the contract appellees sold 4,500 bushels of # 1 yellow soybeans at $3.33 a bushel, to be delivered by truck to Purina's Memphis plant in October and November. The last line of the contract stated: "Wire us immediately if any error or omission in this contract. Failure to do so constitutes acceptance of all terms thereof."
Appellees agreed to the contract dated September 5, 1972, and caused their signatures to be affixed to it. R.M. Joiner signed the contract for Purina. Appellees delivered only two loads, totalling 609 bushels, claiming in defense of failure to deliver 3,891 bushels (1) the agreement was for the sale and purchase of soybeans actually grown on their farm at the time of the contract, and (2) impossibility of performance due to unprecedented rain and flooding during the harvesting season. Both defenses have their basis in appellees' testimony of the telephone conversation with Joiner prior to the execution of the written contract and not in the provisions of the written contract of sale.
Appellees' first defense, that the contract was for the sale of soybeans grown on their land in an amount up to 4,500 bushels, must be considered under the provisions of Mississippi Code Annotated, Section 75-2-202 (1972), which provides:
Terms with respect to which the confirmatory memoranda of the parties agree or which are otherwise set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement but may be explained or supplemented
(a) by course of dealing or usage of trade (Section 1-205) [§ 75-1-205] or by course of performance (Section 2-208) [§ 75-2-208]; and
(b) by evidence of consistent additional terms unless the court finds the writing to have been intended also as a complete and exclusive statement of the terms of the agreement.
This Court, in dealing with a factually similar situation, applied the above cited code section in resolving the case as stated:
We ascertain the legislative intent from this enactment to be that parol evidence may not be used to contradict the terms of confirmatory memoranda of a written agreement intended as a final expression of a contract, but that it might be explained or supplemented by evidence of consistent additional terms unless there be an adjudication the writing was intended as an exclusive statement of the agreement....

Paymaster Oil Mill Company v. Mitchell, 319 So.2d 652, 657 (Miss. 1975).
In Paymaster, as in this case, plaintiff brought suit for breach of contract when the defendant, a farmer in Covington County, failed to deliver the contracted quantity of soybeans. The trial court, after hearing all of the evidence, directed a verdict for the defendant based upon the "force majeure" statute of the Uniform Commercial Code, Mississippi Code Annotated, Section 75-2-617 (1972). An oral agreement was reached between the plaintiff, purchaser, and the defendant, seller, which was reduced to a written confirmation prepared by plaintiff and executed by both parties. That written contract contained the requisite language concerning the amount, price and time of delivery, and in addition contained the following language: "We confirm the purchase from you, as per our conversation Dennis Mitchell/Benny Franklin."
*903 Covington County suffered a severe drought and defendant was unable to deliver the entire 4,000 bushels of soybeans to plaintiff. Plaintiff sued for the loss incurred because of the greater price it had to pay for soybeans on the open market to make up for the shortage in the defendant's contract. The issue on appeal was whether testimony which showed that the soybeans were to be delivered from the defendant's own crop was admitted in violation of the parol evidence rule. That evidence, if admissible, brought the contract within the operation of the rule that when parties contract for the purchase and sale of a particular crop to be grown in the future from particular land and the seller fails to perform because of conditions beyond his control, the non-performance is excused. Dunavant Enterprises, Inc. v. Ford, 294 So.2d 788, 792 (Miss. 1974).
This Court affirmed the trial court in Paymaster, supra, finding that the contract language "as per our conversation" itself indicated that the written confirmation was not the entire contract between the parties, since the conversation between the parties was incorporated into it. In this case, there is no such language. We hold the terms of the written contract were intended as the exclusive statement of the agreement between the parties.
This Court stated in Noble v. Logan-Dees Chevrolet-Buick, Inc., 293 So.2d 14 (Miss. 1974), that, where the parties, without any fraud or mistake, have deliberately put their contract in writing, that writing is not only the best, but the only evidence of their agreement. To be admissible, the testimony of appellees must come within the provision of Exception (b) of Section 75-2-202, supra, and obviously, that testimony concerning purchase of soybeans produced off a particular farm, up to 4,500 bushels, is inconsistent with the contract provisions for buying and selling of 4,500 bushels of soybeans. Without this parol evidence, the rule stated in Dunavant, supra, is inapplicable and there is no basis for appellees' defense of impossibility of performance under force majeure, Mississippi Code Annotated, Section 75-2-617 (1972).
The case is reversed and judgment entered here for appellant in the sum of five thousand eight hundred seventy-five dollars forty-one cents ($5,875.41), the difference between the contract price and the market price ($1.51 per bushel) on three thousand eight hundred ninety-one (3,891) bushels of soybeans.
REVERSED AND RENDERED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.
NOTES
[1] pursuant to Chapter 430, Laws of 1976. The above opinion is adopted as the opinion of the Court.