419 So.2d 575 (1982)
Ames BELL, Appellant,
v.
HILL BROTHERS CONSTRUCTION CO., INC., Appellee.
No. 53364.
Supreme Court of Mississippi.
September 8, 1982.
Talmadge D. Littlejohn, New Albany, for appellant.
Smith, Elliott & Fortier, Robert W. Elliott, Ripley, for appellee.
Before SUGG, P.J., and HAWKINS and PRATHER, JJ.
*576 SUGG, Presiding Justice, for the Court:
This appeal is from an order of the Circuit Court of Union County sustaining three of appellee's pleas in bar and dismissing appellant's declaration. We reverse and remand for a trial on the merits.
Appellant alleged in his declaration that he and appellee entered into a written contract on September 10, 1979 whereby appellee agreed to purchase approximately 14,556 cubic yards of borrow material (fill soil) from appellant's land and to place approximately 14,958 cubic yards of waste material on appellant's land. The contract provided that appellee would pay appellant $1,000 for the borrow material to be removed from appellant's land, and that appellee would pay appellant $5,000 damages for the privilege of placing waste material on appellant's land, such waste material to be spread and leveled so as to allow natural drainage on appellant's land. The written contract is attached as Appendix A to this opinion.
Appellant then alleged that, subsequent to the written contract, he and appellant entered into an oral agreement for the purchase by appellee of additional borrow material to be removed by appellee from appellant's land. Appellant alleged that appellee agreed to pay twenty cents per cubic yard for the additional 35,944 cubic yards of borrow material removed from appellant's land for a total contract price of $7,188.80.
Appellant further alleged that he had performed all of the conditions of the oral agreement by allowing appellee to remove 35,944 cubic yards of borrow material in accordance with the oral agreement, but that appellee had breached the agreement by failing to pay the sum of $7,188.80.
Appellee answered and filed several pleas in bar. Without hearing evidence, the trial judge sustained the pleas in bar, and with respect to the plea of accord and satisfaction held:
[T]he court is of the opinion that the plea is well taken, and that as the contract is drawn, and that it is not ambiguous or uncertain as to the statements thereof. It is set forth in the alternative that the payment was for approximately 14,556 cubic yards, or as required by the Mississippi State Highway Department and the payment therefore was in the sum of $1,000.00 and was to be removed from the approximately four acres, or at least that was the amount of real property that was involved herein, and that there was a payment for damages on the spreading of waste material for approximately 14,958 cubic yards ...
The trial judge erred in holding that the plea of accord and satisfaction barred the action because the declaration clearly alleged that the suit was based on a separate oral agreement entered into subsequent to the written contract. Whether such oral agreement was entered into between the parties is a question to be decided by a jury after hearing evidence from both parties.
The trial judge also held that the written contract could not be altered by parol evidence under the provisions of section 75-2-202 Mississippi Code Annotated (1972).
Terms with respect to which the confirmatory memoranda of the parties agree or which are otherwise set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement but may be explained or supplemented
(a) by course of dealing or usage of trade (Section 1-205) [§ 75-1-205] or by course of performance (Section 2-208) [§ 75-2-208];
(b) by evidence of consistent additional terms unless the court finds the writing to have been intended also as a complete and exclusive statement of the terms of the agreement.
In reaching this conclusion the trial judge relied on Ralston Purina Co. v. Rooker, 346 So.2d 901 (Miss. 1977) and Noble v. Logan-Dees Chevrolet-Buick, Inc., 293 So.2d 14 (Miss. 1974). Those cases are not applicable because in both cases an effort was *577 made to vary the terms of written contracts by oral agreements claimed to have been entered into before the written contracts were executed. In the case at bar appellant is not attempting to vary the terms of a written contract by a previous or contemporaneous or oral agreement, but specifically alleged that the oral agreement was entered into subsequent to the written contract. Appellant brought suit on a separate, independent oral contract; therefore, the trial judge erred in holding that the suit was an effort to amend a written contract by a previous or contemporaneous parol agreement.
The trial judge also found that the suit was barred by the statute of frauds under section 75-2-201 Mississippi Code Annotated (1972) (Revised 1981). This statute provides that a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought. "Goods" are defined in section 75-2-105 Mississippi Code Annotated (1972) (Revised 1981) as follows:
(1) "Goods" means all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities (Chapter 8) and things in action. "Goods" also includes the unborn young of animals and growing crops and other identified things attached to realty as described in the section on goods to be severed from realty (Section 2-107) [§ 75-2-107].
Section 75-2-107 Mississippi Code Annotated (1972) (Rev. 1981) provides in part as follows:
(1) A contract for the sale of minerals or the like (including oil and gas) or a structure or its materials to be removed from realty is a contract for the sale of goods within this chapter if they are to be severed by the seller but until severance a purported present sale thereof which is not effective as a transfer of an interest in land is effective only as a contract to sell.
The official comment on § 2-107(1) by the National Conference of Commissioners on Uniform State Laws follows:
1. Subsection (1). Notice that this subsection applies only if the minerals or structures "are to be severed by the seller". If the buyer is to sever, such transactions are considered contracts affecting land and all problems of the Statute of Frauds and of the recording of land rights apply to them. Therefore, the Statute of Frauds section of this Article does not apply to such contracts though they must conform to the Statute of Frauds affecting the transfer of interests in land. [West's Selected Commercial Statutes at 61 (1978)]
We have no Mississippi cases construing this section of the Uniform Commercial Code but two recent cases from other jurisdictions have adopted the official comment quoted above. Tousley-Bixler Const. v. Colgate Enterprises, 429 N.E.2d 979 (Ind. 1982); DeLuca v. C.W. Blakeslee & Sons, Inc., 391 A.2d 170 (Conn. 1978). These cases involved an oral contract for the sale of "fill soil" and "clay soil" to be removed by the purchaser.
We adopt the construction placed on the section by the official comment and the cases cited above, and hold that the words in the statute "minerals or the like" include borrow material to be removed by the purchaser. We therefore hold that the statute of frauds, section 75-2-201, does not apply to the oral contract in this case because the contract provides for the purchaser rather than the seller to sever the borrow material from the land.
The oral contract in this case is governed by the statute of frauds affecting the transfer of an interest in land. Section 15-3-1(c) Mississippi Code Annotated (1972). However, we are of the opinion that appellant's declaration is not barred by the statute of frauds covering sale of an interest in land for two reasons.
*578 First, appellant alleged that the contract to sell borrow material to be removed from his land by the purchaser had been fully performed by him. Where a contract for the sale of land has been fully performed by one of the parties and nothing remains to be done by the other party other than to pay the consideration, the vendor is entitled to recover the purchase price. Washington v. Soria, 73 Miss. 665, 19 So. 485 (1896). In that case Mrs. Soria alleged that she had sold land to the appellant Washington for the consideration of $500 cash, payment of $500 twelve months later, and payment of $500 eighteen months later. She alleged she conveyed the land and, although Washington executed no writing promising to make the payments, he accepted the deed, recorded the deed, and went into possession of the land. Washington demurred to the bill. This Court held:
It is uniformly held that, after full performance of an oral agreement, the statute of frauds does not apply. The statute neither declares an oral contract to be illegal nor void. It does not prohibit the contract, but simply declares that no action shall be maintained to enforce it. Where the contract has been fully executed by one of the parties, and nothing remains to be done by the other than to pay the consideration, relief is very generally afforded at law by permitting the plaintiff to recover, not upon the special contract, but in assumpsit or on the case, upon the promise implied by law, for the statute has no application to promises implied by law. 2 Reed on Statute of Frauds, § 640. Where there has been a special contract fully performed by the plaintiff, he may recover either in case, on the contract or in indebitatus assumpsit for the consideration. Fowler v. Austin, 1 How. (Miss.), 156; Hill v. Robeson, 2 Smed. & M., 541; Cutter v. Powell, 2 Smith's Lead.Cas., 1, and note; 2 Devlin on Deeds, § 1074. When the vendor has made conveyance of land to the vendee, who has executed no written promise to pay the purchase price, the courts, while uniformly affording relief, are not very well agreed upon what precise ground the right is rested.
... .
With us the forms of action are not material. All rights may be redressed by an action on the case  for it is provided that "the declaration shall contain a statement of the facts constituting the cause of action, in ordinary and concise language; and if it contain sufficient matter of substance for the court to proceed upon the merits of the cause, it shall be sufficient, and it shall not be an objection to maintaining any action that the form thereof should have been different." Code, § 671. (73 Miss. at 674, 676, 19 So. at 486)
In the case before the Court appellant alleged that appellee had removed the borrow material and all that remained to be done by appellee was to pay the consideration. Therefore, the statute of frauds does not apply because appellant alleged he had fully performed. Washington, supra.
Second, appellant is entitled to recover because the oral contract only amounted to a license granted by appellant to permit appellee to remove borrow material from appellant's land. In a number of cases involving oral sales of timber to be cut and removed, which are sales of realty, this Court has held that an oral contract for the sale of timber is a license to cut and remove the timber and is not within the provisions of the statute of frauds relating to contracts for the sale of an interest in land.[1] These cases also hold that the license is revocable at any time by the vendor and the vendor may recover the agreed purchase price of the timber theretofore cut and removed by the purchaser. Towles v. Hodges, 235 Miss. 258, 108 So.2d 884 (1959); *579 Dixie Pine Products Co. v. Breland, 205 Miss. 610, 39 So.2d 265 (1949); Rowan v. Rosenblatt, 206 Miss. 259, 39 So.2d 873 (1949).
In the oral contract in the case before us, the sale of the borrow material constituted a revocable license to appellee which permitted it to remove the borrow material from appellant's land for a stated consideration. Appellant did not revoke the license and the declaration alleges that appellee removed the borrow material but refused to pay for it. The facts as alleged state a good cause of action not barred by the statute of frauds. For the reasons stated, we therefore reverse and remand for a trial on the merits.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER, P.J., and BROOM, ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE and PRATHER, JJ., concur.

APPENDIX A
 HILL BROS. CONSTRUCTION CO., INC.
 P.O. Box 131
 Falkner, Mississippi 38629
 Kenneth W. Hill, President September 10, 1979 PHONE 837-3161
 AREA CODE 601
This agreement entered into this 10 day of September between Mr. Ames Bell herein called landowner, and Hill Brothers Construction Co., Inc., P.O. Box 131, Falkner, Miss., herein called purchaser of borrow material from landowner. Said purchaser also obtains by this agreement permission to waste material on said landowners property as required by the Mississippi State Highway Department concerning State Project No. SP-0926-0(4), Union County, Mississippi. The location of borrow pit will be approximately 150 feet east of station no. 250 and south of State Highway No. 348. The amount of borrow material to be required will be approximately 14,556 cubic yards or as required by the Mississippi State Highway Department. The purchase price of all borrow material required will be ONE THOUSAND DOLLARS AND NO CENTS ($1,000.00) paid to landowner by the purchaser. The borrow area involved will be approximately FOUR (4) ACRES or less for obtaining required borrow material. Landowner grants permission to waste material which will be approximately 14,958 cubic yards or as required by the Mississippi State Highway Department concerning the above project. Location of material to be wasted will be disposed of starting at Highway Right of Way and progressing away from Highway Right of Way filling low lying area from hill to hill of landowners property. Waste material used in filling low lying area will be worked to a grade of existing lot on the northeastern part of landowners property. Waste material used for fill will be used to fill low lying area until exhausted. When waste material has been exhausted purchaser will cease fill operations on landowners property regardless of finish grade. Disposal area will be kept in a reasonably smooth condition as work progresses. Purchaser will cut a new ditch in disposal area to allow natural drainage of landowners property. Ditch cut by purchaser will intersect existing ditch at back of fill area. Payment for damages to landowners property by placement of waste material will be FIVE THOUSAND DOLLARS AND NO CENTS ($5,000.00). Designated disposal area will be dressed reasonably smooth to allow transversing with a power tractor pulling a rotary mower. Sloping of disposal area and borrow pit area to be no steeper than 3:1. Borrow area to be left in a reasonably smooth condition easily transversed with a power tractor pulling a rotary mower. Seeding of waste area and borrow pit area will be done in accordance with Mississippi State Highway Department Specifications.
Existing timber on landowners property is the property of Mr. Jim Harrington, New Albany, Mississippi herein called timber owner. Timberowner has agreed to remove his timber within the area and location described above, concerning State Project No. SP-0926-0(4) Union County. The timberowner agrees to release landowner and *580 purchaser from any and all damages incurred to said timber within the areas and locations described concerning this project.
/s/ David Quinn /s/ Danny Lindsey, Sec. 
Witness Hill Brothers Construction Co., Inc.
_________________________ /s/ Ames Bell 
Witness Signature of property Owner
_________________________ _____________________________________
Witness

EXHIBIT A
NOTES
[1] Section 75-2-107(2) Mississippi Code Annotated (1972) was amended in 1977 to include timber to be cut as a contract for the sale of goods. However, the principle followed in Towles, Dixie Pine Products and Rowan, supra, was not changed by the amendment because the principle in those cases is that the oral sale of any part of realty to be severed from the realty constitutes a revocable license not within the statute of frauds.