IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-60005
_____


C.C. CLARK, INC.,

Plaintiff-Appellee,

v.

DCV, INC. and MARTY UELAND,


Defendants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:97-CV-387-D-A
_____
February 12, 2001

Before REYNALDO G. GARZA, DAVIS and JONES, Circuit Judges.

PER CURIAM:[*]

Plaintiff C.C. Clark, Inc. (C.C. Clark) entered into a license agreement with defendant DCV, Inc. (DCV) to use DCV's patented design in the manufacture of soft-drink pallets. Prior to the execution of the final license agreement, DCV offered to purchase 100,000 pallets from C.C. Clark per year for three years

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

in a letter dated October 25, 1995 (October 25 letter).  Six days later, the parties executed the final license agreement (October 31 contract), which contained the following integration clause:

> <u>Miscellaneous</u>.  This Agreement is the complete agreement of the parties and supersedes all previous understandings and agreements relating to the subject matter hereof.  Neither this Agreement nor any of the terms hereof may be terminated, amended, supplemented, waived or modified orally, but only by an instrument in writing signed by the party against whom enforcement of the termination amendment, supplement, waiver or modifications is sought.

The October 31 contract did not contain, however, any reference to a purchase agreement between C.C. Clark and DCV.

C.C. Clark discovered in April 1996 that DCV did not intend to purchase any of the pallets from C.C. Clark.  This lawsuit resulted and the jury awarded C.C. Clark $900,000 in damages.  However, despite the offer made by DCV to purchase the pallets, the jury verdict must be reversed.  As a matter of law, the integration clause in the October 31 contract nullified the offer by DCV to purchase pallets from C.C. Clark.

This court reviews de novo a district court's interpretation of an unambiguous contract.  <u>Gulf States Ins. Co. v. Alamo Carriage Service</u>, 22 F.3d 88, 90 (5th Cir. 1994).

The integration clause in the October 31 contract explicitly states that the agreement is "the complete agreement of the parties and supersedes all previous understandings and agreement relating to the subject matter hereof."  The October 31 contract details the license agreement between DCV and C.C. Clark and

2

includes discussion of marketing, manufacture, and sale of the pallets, and therefore encompasses the same subject matter as DCV's earlier offer to purchase pallets from C.C. Clark. C.C. Clark's arguments that DCV's October 25 offer to purchase induced it to sign the license agreement and that C.C. Clark's $250,000 check signaled an acceptance of the October 25 offer demonstrate the close relationship between the October 25 letter and the license agreement.

Therefore, under well-settled law, the earlier offer was extinguished by the presence of the integration clause in the succeeding license agreement. See Gulf Guar. Life Ins. Co. v. Duett, 671 So.2d 1305, 1308 (Miss. 1996)("Our familiar rule of contract interpretation is that a clear and unambiguous contract will be enforced as written."); Century 21 Deep South Properties, Ltd. v. Keys, 652 So.2d 707, 716 (Miss. 1995)("Where the intentions of the parties to an instrument appear clear and unambiguous from the instrument itself, the court should look solely to the instrument and give same effect as written."); Noble v. Logan-Dees Chevrolet-Buick, Inc., 293 So.2d 14, 15 (Miss. 1974)(integration clause in contract foreclosed the possibility of another agreement).

C.C. Clark argues that Mississippi law permits the October 25 letter to provide supplemental terms to the October 31 contract. However, while in some cases the law does permit a

3

contract to be "supplemented . . . by evidence of consistent additional terms" not found in the final agreement, evidence of additional terms is not allowed when "the court finds the writing to have been intended . . . as a complete and exclusive statement of the terms of the agreement."  Miss. Code § 75-2-202.  The integration clause of the October 31 contract evinces such an intent.

Accordingly, the judgment of the district court is REVERSED and judgment is RENDERED for the Appellants, DCV and Marty Ueland.

REVERSED and RENDERED.