CHAMPION CHEMICAL Co. *v.* HANK *et al.*

(Division A. Feb. 17, 1936.)

[165 So. 807. No. 31912.]

Robert N. Somerville, of Cleveland, for appellant.

Griffing & Taylor, or Shelby, for appellees.

734

**Cook, J.,** delivered the opinion of the court.

Appellant, a wholesale dealer in funeral supplies, filed its bill of complaint against the appellees, J. H. Hank and

the Home Burial Association, seeking to recover the purchase price of certain goods and merchandise sold to J. H. Hank. The bill of complaint alleged that appellant sold certain goods, wares, and merchandise to the said J. H. Hank on written orders, signed by him, for which he had failed and refused to pay; that in the year 1928 the said Hank organized the Home Burial Association, a corporation, which he conducted as sole owner thereof; that the said Hank used the merchandise purchased from the appellant in the operation of the business of the said Home Burial Association without complying with the Bulk Sales Law (Code 1930, section 3353 et seq.); that by reason of the mingling of the equipment and merchandise used in the individual business of the said J. H. Hank with the merchandise, equipment, and business of the Home Burial Association, both of the defendants, appellees herein, became liable for the payment of the account due appellant. It was further averred that the said. J. H. Hank transferred all of his property and business to the said corporation for the purpose of hindering, delaying, and defrauding the appellant and other creditors in the collection of their debts, and prayed for a decree against both the appellees for the amount sued for. As exhibits to the bill of complaint there were filed a sworn itemized statement of account, and copies of written orders signed by the said J. H. Hank for practically all items shown on this account, and also copies of shipping orders and invoices of the various items.

The appellees filed a joint answer denying all the material averments of the bill of complaint, and alleging that the appellee J. H. Hank, as an individual, was conducting an undertaking business which was wholly separate and distinct from the business of the Home Burial Association, and that neither of the appellees was in any way liable for the debts of the other. Included in the answer was a special plea alleging that the account sued on and each item thereof was barred by the reason of the

limitation prescribed by sections 2299 and 2300, Code 1930, for actions on open accounts and unwritten contracts.

The appellant offered evidence to show the receipt of written orders signed by the appellee J. H. Hank for all items shown on the account sued on, except items for two dollars and seventy-seven cents, two dollars and sixty-five cents, eighteen dollars, five dollars, four dollars and seventy cents, and six dollars and fourteen cents, amounting to thirty-nine dollars and twenty-six cents, and also showing acceptance of these orders and delivery of the goods. No counter affidavit calling in question the correctness of any item of the sworn itemized account was filed, and under the pleadings and proof the decisive question, in so far as the liability of the appellee J. H. Hank is concerned, is whether or not the items of the account are barred by the limitation of three years on actions on open account and unwritten contracts. Section 2299, Code 1930.

The items above stated, amounting to thirty-nine dollars and twenty-six cents, for which no written orders were proved, matured more than three years before the beginning of this action and are barred. The remaining items are based upon written orders signed by the appellee J. H. Hank. These orders set forth a description of the goods purchased, the price, and the terms of sale, and upon the acceptance of the orders they became contracts provable by writing. Washington v. Soria, 73 Miss. 665, 19 So. 485, 55 Am. St. Rep. 555. Six years had not elapsed from the maturity of these items of the account, and the appellant is entitled to recover the balance due on these items, amounting to four hundred sixty dollars and seventy-eight cents. Code 1930, section 2292. Consequently the judgment of the court below will be reversed as to the said J. H. Hank, and a decree will be entered here against him for the sum of four hundred

sixty dollars and seventy-eight cents with accrued interest.

The proof tends to show that J. H. Hank, as an individual, conducted a business which was wholly separate and distinct from the business of the appellee Home Burial Association, and the evidence wholly fails to show with any certainty or definiteness the commingling of any goods used in the business of J. H. Hank with the goods of the Home Burial Association, and is wholly insufficient to charge the said association with liability for the goods purchased by J. H. Hank from the appellant. As to the Home Burial Association the decree of the court below will therefore be affirmed.

Affirmed in part; reversed in part and judgment here.