DIXIE PINE PRODUCTS COMPANY *v.* UNIVERSAL REFINING PRODUCTS COMPANY.

In Banc. Dec. 31, 1949.

No. 37272 (43 So. (2d) 752)

**T. J. Wills,** for appellant.

**Heidelberg & Roberts,** for appellee.

48

**Hall, J.**

Appellee recovered a judgment against appellant for a shipment of a cleansing compound for steam boilers known by the trade-name of Scalenemy. This shipment was made pursuant to a written order signed by appellant acting by its president and also signed by appellee's saleman, which gave an accurate description of the goods purchased, the price thereof, and the terms of sale. The order stipulated that all special terms or agreements between the buyer and seller should be incorporated on the original and duplicate of the order to be recognized, and further that the order was not subject to countermand. The goods were shipped pursuant to the terms of the order and were received and accepted by appellant from the carrier on May 22, 1944. Suit was not filed

until February 9, 1948, which, it will be noted, is more than three years and less than six years after delivery of the goods.

█ █ It is first contended by appellant that the claim is barred by the three-year statute of limitations, Section 729 of the Mississippi Code of 1942, which provides that "Actions on an open account or stated account not acknowledged in writing, signed by the debtor, and on any unwritten contract, express or implied, shall be commenced within three years next after the cause of such action accrued, and not after." The written order in this case is substantially the same as that which was involved in the case of Champion Chemical Co. v. Hank, 174 Miss. 732, 165 So. 807, and under that authority the cause of action is controlled by the six-year statute of limitations, Section 722, Code of 1942. The first assignment is therefore without merit.

It is next contended by appellant that the order was cancelled or rescinded because the goods were not satisfactory and did not produce the desired results. This issue was submitted to the jury under conflicting testimony, and the jury found against appellant. Considerable correspondence was exchanged between the parties beginning in September 1944 and continuing into 1947. Several letters had been written before April 27, 1945, when appellant for the first time advanced the contention that the product was unsatisfactory. Prior to the order here sued upon appellant had bought several orders of the same commodity aggregating about 5,000 pounds, and after using appellee's product for several months appellant placed the order now in question. These admitted facts coupled with appellee's evidence that there had been no attempted cancellation of the order, are sufficient to support the finding of the jury, and the judgment of the lower court is accordingly affirmed.

Affirmed.